IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Abdiyyah ben Alkebulanyahh, #SK6012,<br><br>                                 Plaintiff,<br><br>vs.<br><br>South Carolina Department of Corrections,<br>Captain Thierry Nettles; Charles Whitten;<br>Lieutenant NFN Bumbcumb; and<br>Corporal NFN Wilson,<br><br>                                 Defendants. | Civil Action No. 6:05-2525-MBS-WMC<br><br>**ORDER AND**<br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the plaintiff's motions for injunctive relief and appointment of counsel. The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., all pretrial matters in cases filed under Title 42, United States Code, Section 1983, are referred to a United States Magistrate Judge for consideration.

*Motion for Injunction*

In determining whether to grant injunctive relief prior to trial, a court must balance four factors:

    (a)    The plaintiff's likelihood of success in the underlying dispute between the parties;

    (b)    whether the plaintiff will suffer irreparable injury if the injunction is not issued;

>    (c)   the injury to the defendant if the injunction is issued; and
>
>    (d)   the public interest.

*Scotts Company v. United Industries Corporation*, 315 F.3d 264, 271 (4th Cir. 2002); *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189, 195 (4th Cir. 1977). The court must first determine whether the plaintiff has made a strong showing of irreparable harm if the injunction were to be denied; if so, then the court must balance the likelihood of harm to the plaintiff against the likelihood of harm to the defendant if the injunction were issued. *Scotts*, 315 F.3d at 271. If the balance tips decidedly in favor of the plaintiff, "a preliminary injunction will be granted if the plaintiff has raised questions going to the merits so serious, substantial, difficult, and doubtful, as to make them fair ground for litigation and thus more deliberate investigation." However, if the balance does not tip decidedly there must be a strong probability of success on the merits. *Direx Israel, Ltd. v. Breakthrough Medical Corp.*, 952 F.2d 802, 812-13 (4th Cir. 1991). Lastly, the court must evaluate whether the public interest favors granting preliminary relief. *Id.* at 814.

    The plaintiff requests that the court enjoin the defendants from "arbitrarily force shaving plaintiff's facial and head hair" (pl. m. for inj. 1). The plaintiff has not made a strong showing of irreparable harm. Further, the likelihood of harm to the plaintiff is not more substantial than the likelihood of harm to the defendant if the injunction were issued. As noted by the defendants, the Grooming Policy requires that inmates periodically have a shave and a haircut, and it is only when an inmate refuses to comply that force is used to compel compliance. The harm to the defendants if a preliminary injunction was issued would be more drastic. The inmates would be allowed to grow their hair and beards, which would create hygiene and safety issues for the SCDC staff. Further, "[p]rison officials 'should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" *In re Long Term Administrative Segregation of Inmates*

*Designated as Five Percenters*, 174 F.3d 464, 469 (4th Cir. 1999) (quoting *Bell v. Wolfish*, 441 U.S. 520, 547 (1979)).

Further, even if the plaintiff could show irreparable harm, he has failed to show any likelihood of success on the merits. The constitutionality of the SCDC Grooming Policy has previously been litigated and upheld in *Hines v. South Carolina Dept. of Corrections*, 148 F.3d 353 (4th Cir. 1998). In *Hines*, the Fourth Circuit Court of Appeals recognized that "the Grooming Policy was implemented to help eliminate contraband, reduce gang activity, identify inmates, and maintain order in South Carolina's prisons." *Id.* at 358. The court further held that "although the Grooming Policy may have an incidental effect of preventing the Inmates from wearing their hair and beards as their religion prescribes, under *[Employment Division v.] Smith*, [494 U.S. 872 (1990)], the Grooming Policy is a neutral and generally applicable regulation and, therefore, does not violate the Free Exercise Clause." *Id.* The court concluded that the Grooming Policy serves legitimate and even compelling penological interests. Thus, the court upheld the Grooming Policy against a First Amendment challenge finding that the policy "is an eminently rational means of achieving the compelling governmental and penological interests of maintaining order, discipline and safety in prisons." *Id*.

As noted by the defendants, subsequent to the decision in *Hines*, inmates confined in the Maximum Security Unit (MSU) at SCDC have attempted to argue, like the plaintiff, that the policy may not be enforced against inmates in high security units. For instance, in the case of *Strong v. Ozmint*, Civil Action No. 2:03-2256-24AJ, U.S. Magistrate Judge Robert S. Carr recommended the denial of a motion for temporary restraining order and/or preliminary injunction filed by an MSU inmate seeking to enjoin SCDC officials from forcefully cutting his hair and beard. Magistrate Judge Carr's report and recommendation was subsequently adopted by U.S. District Judge Margaret B. Seymour in her order filed March 23, 2004. Moreover, the Fourth Circuit Court of Appeals adopted the reasoning of

the lower courts in affirming the denial of the motion seeking to enjoin enforcement of the Grooming Policy. *Strong v. Ozmint*, No. 04-6664, 2004 WL 1790208 (4th Cir. 2004) (unpublished). *See also Caprood v. Moore*, C.A. No. 0:98-0603-22BD (D.S.C. 1999) (denying motion for preliminary injunction to stop prison officials from using force to cut the inmate's head or face hair); *Smith v. Casey*, C.A. No. 0:97-2034-23BD (D.S.C. 1998) (denying motion for preliminary injunction to stop prison officials from enforcing SCDC's Grooming Policy).

The plaintiff also requests in his motion for injunctive relief that the defendants "provide [him] with adequate writing materials and return all [his] legal documents, books and writing materials." The plaintiff has not demonstrated that injunctive relief is warranted.

### *Motion for Appointment of Counsel*

The Congress does not appropriate funds to pay attorneys who represent litigants in civil rights cases. 53 Comp. Gen. 638 (1974). Although this economic fact is not conclusively determinative of the issue, it is a practical consideration which cannot be ignored. Moreover, it has been authoritatively stated in this context that a person who has a legitimate civil rights claim for damages "will likely find private counsel available on a contingent fee basis." *Williams v. Leeke*, 584 F.2d 1336, 1339 (4th Cir. 1978), *cert. denied*, 442 U.S. 911 (1979). In most civil rights cases, the issues are not complex, and whenever such a case is brought by a *pro se* litigant, this court outlines proper procedure so the *pro se* litigant will not be deprived of a fair opportunity to present his or her case. *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). In some instances, of course, a failure to make a discretionary appointment of counsel may represent an abuse of discretion, but this is not the type of case which presents factors that clearly reflect a need for the plaintiff to have counsel appointed.

## **CONCLUSION**

Wherefore, based upon the foregoing,

IT IS ORDERED that the plaintiff's motion for appointment of counsel is denied; and

IT IS RECOMMENDED that the plaintiff's motion for injunction be denied.


                                        s/William M. Catoe
                                        United States Magistrate Judge

April 4, 2006

Greenville, South Carolina